**Abdoulaye BAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–3460–ag.

United States Court of Appeals, Second Circuit.

June 18, 2007.

Matthew J. Harris, New York, NY, for Petitioner.

Steven W. Myhre, Acting United States Attorney for the District of Nevada, Robert L. Ellman, Appellate Chief, United States Attorney's Office, Las Vegas, NV, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Abdoulaye Bah, a native and citizen of Guinea, seeks review of a June 23, 2006 order of the BIA affirming the February 9, 2005 decision of Immigration Judge ("IJ") Noel Ferris denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdou-*

*laye Bah,* No. A96 241 218 (B.I.A. June 23, 2006), *aff'g* No. A96 241 218 (Immig. Ct. New York City Feb. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

*Adverse Credibility Determination*

Bah's challenge to the IJ's adverse credibility determination is without merit because, as a whole, there is substantial evidence to support the adverse credibility determination.

Contrary to Bah's contention, an IJ may base a credibility determination on an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005) (pointing out the significance of the partic-

ular weight to be given to the IJ's assessment of witness demeanor). This Court gives "particular deference" to adverse credibility findings based on demeanor. *Cf. Dong Gao v. Bd. of Immigration Appeals,* 482 F.3d 122, 132–34 (2d Cir.2007)(overturning an adverse credibility finding where the finding was based on misstatements in the record and the IJ had not relied on demeanor as further support for the decision). Because the IJ relied on demeanor, giving specific examples of the problems with Bah's demeanor, the IJ's credibility determination must be given particular deference. Moreover, Bah's challenges to the IJ's findings regarding inconsistencies are also without merit and add further support to the adverse credibility determination.

First, the IJ correctly found that Bah had made inconsistent statements regarding his father's exile, as his written statements indicated that he had distributed campaign materials for his father in 1993 and 1998, but also indicated that his father had gone into hiding in 1993 and subsequently into exile and that he had not seen his father in ten years. In contrast, Bah testified that he had last seen his father in late 1998 or early 1999. Bah's explanation that his father went into hiding in 1993 and exile in 1999 does not resolve this issue, as Bah did not explain why his written statement indicated that he had not seen his father in ten years, but he testified that he had last seen him in 1999. Moreover, Bah's claim that the inconsistency is not probative of his credibility is without merit as an adverse credibility determination may be based on cumulative inconsistencies, even those collateral to the basis of the claim. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (holding that an IJ may rely on the cumulative affect of inconsistencies concerning collateral mat-

ters). Thus, even if the discrepancy is collateral, given the demeanor finding and other inconsistencies, the IJ did not err by relying on this inconsistency. *Id.*

The IJ's reliance on Bah's failure to reference the threats to his wife in his written application or on direct examination further supports the IJ's finding. Although an IJ should not base an adverse credibility determination on the omission of minor events from a written statement where a reasonable explanation has been given for the omission, *see Secaida–Rosales,* 331 F.3d at 309, Bah was unable to give a clear explanation for his omission. Because Bah gave numerous dates when asked when the incident occurred, the IJ did not err in relying on this discrepancy. *See, e.g., Majidi,* 430 F.3d at 80–81 (holding that the IJ need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Finally, Bah's challenge to the IJ's finding that he failed to present sufficient corroborating evidence is also without merit. The IJ correctly noted that although Bah's uncle submitted a letter, it failed to give any details regarding the injuries that Bah suffered, the length of his 2001 detention, or the reasons for the arrests or detention. As such, Bah's failure to provide sufficient corroborative evidence left him unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Moreover, additional corroborating evidence clearly was reasonably available given that Bah had submitted one letter from his uncle. *See Li Zu Guan v. INS,* 453 F.3d 129, 140–41 (2d Cir.2006).

Given the deference due to the IJ's decision, based on the demeanor finding and the additional inconsistencies, omissions, implausibility, and lack of corroboration discussed above, there is substantial evidence to support the IJ's denial of asylum. As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d. at 71; *see Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Bah argues no basis for setting aside the IJ's denial of CAT relief beyond the purported unsustainability of her credibility findings. Because the credibility findings are supported by substantial evidence, we do not disturb the denial of CAT relief. Because we uphold the IJ's adverse credibility finding, we need not reach her alternative discretionary denial of asylum. Nonetheless, we note that a discretionary denial must be reserved for only "the most egregious adverse factors" and that an IJ abuses her discretion by failing to weigh all of the relevant factors. *See Wu Zheng Huang v. I.N.S.,* 436 F.3d 89, 96–99 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.